# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                      Case No. 09-10434-DHW
                                           Chapter 13
LARRY SAMPLE,

      Debtor.

_____

LARRY SAMPLE and
MARY SAMPLE,

      Plaintiffs,

v.                                         Adv. Proc. No. 09-1052-DHW

COMPASS BANK,

      Defendant.

## MEMORANDUM OPINION

Before the court is Compass Bank's motion to dismiss this adversary proceeding (Doc. #5) under Fed. R. Bankr. Proc. 7012. That rule makes Fed. R. Civ. Proc. 12(b)(6) applicable to adversary proceedings in bankruptcy. In this adversary proceeding, Larry and Mary Sample contend that Compass Bank willfully violated the automatic stay of 11 U.S.C. § 362.[1]

The motion to dismiss was set for hearing on September 14, 2009. Mary Sample participated in the hearing on behalf of the plaintiffs, and Compass Bank was

---

[1] Mary Sample is a debtor in a chapter 13 case of her own which is also pending in this court (Case No. 04-12860). A separate adversary proceeding (09-1053), which is identical to the one filed in Larry Sample's bankruptcy case, was filed in Mary Sample's chapter 13 case. Compass Bank has also filed a motion to dismiss the adversary proceeding in Mary Sample's case. However, because the disposition of the matter in Mary Sample's case is based on different grounds, the motion to dismiss the adversary proceeding in Mary Sample's bankruptcy will be addressed by separate opinion and order.

represented by its counsel, Jeremy L. Retherford. Upon consideration of material factual allegations set out in the complaint and other undisputed facts, the court concludes that the motion to dismiss must be granted as to the claim of Mary Sample and granted conditionally as to the claim of Larry Sample.

## Jurisdiction

This court's jurisdiction is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district which referred its title 11 jurisdiction to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because this dispute involves an alleged violation of the automatic stay of 11 U.S.C. § 362, this is a core proceeding under 28 U.S.C. § 157(b)(2) thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Factual Allegations Contained In The Complaint and Other Undisputed Facts

In January 2006, the Samples' home was damaged by fire. Hathcock Roofing & Remodeling Co., Inc. ("Hathcock") was employed to make repairs to the home.

On or about May 26, 2006, the Samples opened a joint bank account at Compass Bank. Compass Bank was the first mortgagee on the Samples' home. At the same time, Hathcock deposited a $105,000 check from State Farm Fire & Casualty Company into the Samples' Compass Bank account. Subsequently, the Samples wrote a $70,000 check to Hathcock, leaving a $35,000 balance in the account. On June 9, 2006, the Samples withdrew that balance from the Compass Bank account.

On October 6, 2006, Hathcock filed suit in the Circuit Court of Dale County, Alabama styled *Hathcock Roofing & Remodeling Company, Inc. v. Latisha E. Sample, Mattie L. Sample, Larry Sample, Mary Sample, and Compass Bank* (Case No. CV 06-234). Therein, Hathcock alleged that it had performed restoration work on the Samples realty for which it had not been paid. Hathcock sought to recover $35,000 from the Samples. Further, Hathcock sought recovery from Compass Bank alleging that the bank was negligent in paying the Samples the remaining $35,000 that was on deposit in their account without having obtained Hathcock's consent.

2

On February 23, 2009, Hathcock and the Samples settled their dispute through mediation. Under that agreement, the Samples had no obligation to pay Hathcock any part of the $35,000 insurance proceeds that the Samples had withdrawn from their Compass Bank account. Compass Bank was not a party to the settlement agreement.

On February 24, 2009, Compass Bank filed a cross-claim against the Samples in the state court action. One week later, on March 2, 2009, Larry Sample filed a chapter 13 petition for relief in this court. Notice of the commencement of Larry Sample's bankruptcy case was given to Compass Bank.

On March 13, 2009, the Samples filed a motion in the state court action to dismiss Compass Bank's cross-claim. The complaint does not establish whether the motion was heard by the state court, whether the motion was opposed by Compass Bank, or whether Compass Bank had actual or constructive notice of Larry Sample's bankruptcy in connection with any hearing on the Samples' motion. Nor does the factual record establish what, if any, steps that Compass Bank took in state court to prosecute its cross-claim after receiving notice of Larry Sample's bankruptcy filing. The Samples contend generally that after Larry Sample filed his chapter 13 petition for relief on March 2, 2009, "Compass Bank continues with their proceeding against the debtors. . . ." *See* Complaint (Doc. #1), ¶ XV.

The parties, however, do not dispute that on June 8, 2009, the Samples filed a suggestion of bankruptcy in the state court action, and on June 18, 2009, the Samples and Compass Bank filed in the state court action a joint stipulation of dismissal of Compass Bank's cross-claim.

## Conclusions of Law

In considering a motion to dismiss under Rule 12(b)(6), this court "must assume the truth of the material facts alleged in the complaint." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633, 119 S.Ct. 1661 (1999) (quoting *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325, 111 S.Ct. 1842 (1991)). Under the federal rules governing pleadings, only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. Fed. R. Civ. Proc. 8(a)(2). However, "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (quoting 5 C. Wright

3

& A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In order to avoid dismissal under Rule 12(b)(6), a complaint must contain "'sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *al-Kidd v. Ashcroft*, 2009 WL 2836448, *5 (9th Cir. Sept. 4, 2009) (quoting *Ashcroft v. Iqbal*, ___ U.S. ___ , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570).

In the instant case, Larry Sample contends that Compass Bank willfully violated the automatic stay imposed by 11 U.S.C. § 362 by continuing the prosecution of its cross-claim against him in state court after receiving notice of the bankruptcy case. The particular provision of the Code implicated here provides in relevant part that the filing of a bankruptcy petition for relief operates as a stay of—

> (1) the commencement or *continuation*, including the issuance or employment of process, of *a judicial*, administrative, or other action or *proceeding against the debtor* that was or could have been commenced before the commencement of the case under this title, or *to recover a claim against the debtor that arose before the commencement of the case under this title*;

11 U.S.C. § 362(a)(1) (emphasis added).

Although Larry Sample contends generally that Compass Bank continued, after his bankruptcy, with the prosecution of its state court cross-claim, the only two instances mentioned in the complaint of Compass Bank's having done so would not constitute violations of the automatic stay.

First, Sample implies that Compass Bank continued prosecution of its claim in the state court action by defending against his March 13, 2009, motion to dismiss the bank's cross-claim. The undersigned disagrees. The automatic stay does not necessarily require a party to a proceeding in state court to dismiss claims against the debtor made pre-petition. Rather, the automatic stay prevents the continuation of a judicial proceeding for the purpose of recovering a pre-petition claim against the debtor.

Here, Larry Sample initiated the continuation of the state court proceeding by seeking dismissal of Compass Bank's cross-claim. Compass Bank's participation,

4

if any, in the state court proceeding was, so far as is plead, for the purpose of defending against the dismissal of the cross-claim, not in prosecuting the cross-claim. It would be manifestly unjust to find a party liable for willfully violating the automatic stay when it merely defended against the dismissal of its claim upon motion brought by the debtor.

The complaint mentions only one other instance wherein Compass Bank participated in the state court action after Larry Sample filed for bankruptcy relief. That was Compass Bank's June 18, 2009, motion to dismiss its cross-claim. The Samples joined in that motion. On its face, a party's own motion to dismiss its pre-bankruptcy claims against a debtor cannot possibly be construed as a continuation of a judicial proceeding to collect a pre-bankruptcy debt. Indeed, such act is the complete opposite of those proscribed by the Code.

## Conclusion

For the foregoing reasons, the court concludes that Compass Bank's motion to dismiss the complaint is due to be granted as to the claim of Mary Sample and granted conditionally as to the claim of Larry Sample.[2] Larry Sample, who is proceeding here *pro se*, will be afforded additional time to amend the complaint, if he can, to allege facts supporting his general contention that Compass Bank continued prosecution of its cross-claim post-bankruptcy. Pursuant to Fed. R. Bankr. Proc. 9021, a separate order will enter consistent with this memorandum opinion.

Done this the 25th day of September, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Larry and Mary Sample, Plaintiffs
   Jeremy L. Retherford, Compass Bank's Attorney

---

[2] The motion to dismiss is granted unconditionally as to Mary Sample in this adversary proceeding. The merits of her claim will be addressed in a separate memorandum opinion under Adv. Proc. 09-1053.